```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF OHIO
           EASTERN DIVISION
```

| | |
|---|---|
| Carma M. Lacy, | : |
| Plaintiff, | : |
| v. | : Case No. 2:16-cv-912 |
| | : Magistrate Judge Kemp |
| Ohio Department of Job and Family Services, | : |
| Defendant. | : |

## OPINION AND ORDER

This case was brought by plaintiff Carma Lacy against the Ohio Department of Job and Family Services ("ODJFS") alleging violations of the Americans With Disabilities Act ("ADA") and violations of §4112.02 of the Ohio Revised Code. This matter is now before the Court on the Defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). (Doc. 9). For the following reasons, the motion will be conditionally granted.

### I. Background

The allegations in the complaint can be summarized as follows. Ms. Lacy suffers from vision impairment. She wears a prosthetic eye and has 20/200 vision in the other eye. Ms. Lacy accepted a job with ODJFS in 2009 and eventually held the position of Management Analyst Supervisor. In November of 2011, Ms. Lacy requested an anti-glare monitor screen protector from her supervisor. She filled out the ADA forms for a reasonable accommodation request as instructed, but was never provided with the anti-glare protector. As a result, Ms. Lacy experienced pain, including headaches due to eye strain. In August of 2013, Ms. Lacy applied for a promotion within the ODJFS as a manager in the Grants Management Unit. Although she was qualified for the promotion, the position was offered to a less qualified applicant

without a disability. Ms. Lacy also claims that she was subject to harassment due to her disability, and that certain employees of the ODJFS addressed her with profane and condescending language.  She asserts that she was mocked about her disability and, despite her complaints, the ODJFS failed to remedy the hostile work environment.  Ms. Lacy states that she suffered pain and emotional distress as a result of the Defendant's actions and was eventually forced to resign.

Ms. Lacy filed two charges of discrimination in employment against ODJFS with the Ohio Civil Rights Commission ("EEOC"). The first charge, filed on December 19, 2013, alleged discrimination based on race, disability, national origin/ancestry, and retaliation. (Doc. 1, Ex. A).  The EEOC closed the 2013 charge on June 22, 2016, and that charge forms the basis of this case.  Ms. Lacy's second charge of discrimination was filed on April 14, 2014, alleging similar claims. (Doc. 1, Ex. B). That charge was closed on September 8, 2014. Ms. Lacy filed this lawsuit on September 22, 2016, claiming that ODJFS violated the ADA and Ohio law by failing to provide a reasonable accommodation for her disability, failing to promote her in favor of a less qualified candidate, and subjecting her to a hostile work environment. She seeks reinstatement to her former position with ODJFS at the rate of pay and benefits as if she had remained consistently employed, as well as reasonable costs and attorneys' fees.

## II.  <u>Legal Standard</u>

A motion for judgment on the pleadings filed under Fed.R.Civ.P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such motion, the Court must accept as true all well- pleaded material allegations of the pleadings of the

opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility. See,e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

### III. Discussion

ODJFS argues that Ms. Lacy's claims should be dismissed because they are barred by sovereign immunity or, alternatively, because she failed to exhaust her administrative remedies.

#### A. Sovereign Immunity- ADA claims

ODJFS first argues that this Court lacks jurisdiction over Ms. Lacy's claims because it is entitled to sovereign immunity. Ms. Lacy's federal claims arise out of her employment with OSJFS, and falls under Title I of the ADA. Title I provides that no applicable employer "shall discriminate against a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112(a). For the purposes of this analysis, the Court will presume that Ms. Lacy is a qualified individual with a disability as defined in the ADA.

The Eleventh Amendment bars a suit brought in federal court against a state and its agencies unless the state has waived its

sovereign immunity or otherwise consented to be sued. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 101 (1984). Nonetheless, in some circumstances Congress may abrogate sovereign immunity by enacting appropriate legislation. <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 59 (1996). The Supreme Court has held that the rights and remedies available pursuant to the ADA were primarily created with private employers in mind, and permitting suits against state employers was not a valid abrogation by Congress of sovereign immunity. <u>Board of Trustees of Univ. of Alabama v. Garrett</u>, 531 U.S. 356 (2001). Ohio has not waived its sovereign immunity with respect to claims for money damages under Title I of the ADA. See <u>Johns v. Supreme Ct. of Ohio</u>, 753 F.2d 524, 527(6th Cir. 1985). Thus, any claims for money damages against ODJFS for violations of the ADA are barred by sovereign immunity.

In this case, however, Ms. Lacy does not seek money damages, but prospective injunctive relief in the form of reinstatement to her position with ODJFS. In <u>Garrett</u>, the Supreme Court explained:

> Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under <u>Ex parte Young</u>, 209 U.S. 123, 28 S.Ct. 441, 521 L.Ed. 714 (1908). In addition, state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress.

<u>Garrett</u>, 531 U.S. at 374, n. 9 (internal citations omitted). Ms. Lacy relies on <u>Garrett</u> in support of her argument that Eleventh Amendment immunity does not prevent her from pursuing her ADA claims against ODJFS, because she seeks prospective injunctive relief under <u>Ex Parte Young</u> (i.e. reinstatement of employment)

4

rather than an award of money damages as redress for the alleged ADA violations. Indeed, the Sixth Circuit Court of Appeals has recognized that prospective injunctive relief may be pursued under the ADA against state employees in their official capacities. See Whitfield v. Tennessee, 639 F.3d 253, 257 (6th Cir. 2011) (recognizing that the plaintiff's claim in that case under Title I of the ADA "survives the Eleventh Amendment only to the extent that it constitutes an Ex parte Young action for prospective injunctive relief"); Cady v. Arenac County, 574 F.3d 334, 344 (6th Cir. 2009) (noting that the Supreme Court recognizes an exception to this rule of Eleventh Amendment immunity for ADA claims against a state if the suit seeks only prospective injunctive or declaratory relief); Ernst v. Rising, 427 F.3d 351, 358 6th Cir. 2005) (observing that a state's Eleventh Amendment immunity "does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law").

Whether a plaintiff has filed a valid ADA complaint that under Ex parte Young is to be considered on a "claim-by-claim basis." Ernst v. Rising, 427 F.3d 351, 368 (6th Cir. 2005) (en banc). However, "[a]n Ex parte Young action may be commenced only against a state official acting in her official capacity..." and not directly against the state or a state agency. Whitfield, 639 F.3d at 257 (emphasis added); see also Emery v. Michigan Dept. of Civil Rights, 2016 WL 1090429 (E.D. Mich. March 21, 2016) (plaintiff's Title I ADA claims against state agency were barred by Eleventh Amendment immunity); Quinn v. Ohio State Highway Patrol, 2007 WL 3308104 (S.D. Ohio Nov. 6, 2007) (granting motion for judgment on the pleadings as to ADA claims for prospective injunctive relief against state agency as barred by Eleventh Amendment immunity but denying the motion as to same claims against state employees in their official capacities).

The sole named defendant in Ms. Lacy's complaint is ODJFS. Thus, without naming at least one state official in his or her official capacity as a defendant, the complaint fails to state a Title I claim over which the Court has jurisdiction. Because this is a curable defect, Ms. Lacy will be granted leave to file an amended complaint within fourteen (14) days of this Order. Cf. Brown v. Matauscak, 415 Fed.Appx. 608 (6th Cir. Jan. 31, 2011). If she fails to do so, the case will be dismissed.

### B. Sovereign Immunity- State Law Claims

ODJFS also argues that Ms. Lacy's state law disability discrimination claim pursuant to O.R.C. §4112 is barred by sovereign immunity. Ms. Lacy does not address this argument in her memorandum in opposition. This Court agrees with ODJFS that the state law claims are barred by sovereign immunity. As the Sixth Circuit has observed:

> The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment.... The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment.

Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 520–21 (6th Cir. 2007) (citing Pennhurst State Sch. v. Halderman, 465 U.S. 89, 117–21 (1984)). "Congress has not abrogated the Eleventh Amendment for state law claims, see Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 542 (2002), nor has Ohio waived sovereign immunity." McCormick v. Miami University, 693 F.3d 654, 664 (6th Cir. 2012). Consequently, the Court will grant ODJFS's motion with respect to Ms. Lacy's state law claims.

### C. Exhaustion of Administrative Remedies

For completeness, the Court will address ODJFS's argument that Ms. Lacy's failure to accommodate claim is untimely, and that she failed to exhaust her administrative remedies as to her

failure to promote claim.  Ms. Lacy filed two charges of discrimination against ODJFS within about a four-month time period.  The first charge was filed on December 12, 2013.  On that form, under the section labeled "Type of Discrimination," Ms. Lacy checked "discipline", "reasonable accommodation," "forced to resign," and "other." The charge also included a narrative setting out many of the facts alleged in the complaint, but did not specifically raise the issue of the request for the anti-glare screen protector.  The second charge was filed on April 14, 2014, alleging discrimination on the basis of race and disability, and did include details about Ms. Lacy's request for the anti-glare screen protector.  The EEOC issued dismissal and notice of rights letters on June 22, 2016 for her 2013 charge and on September 8, 2014 for the 2014 charge.  ODJFS argues that Ms. Lacy's complaint was untimely because it should have been filed within 90 days of the dismissal of the 2014 charge. Ms. Lacy argues that she included a claim of failure to accommodate in her charge that was dismissed in June of 2016 by checking that box on the EEOC form. She also asserts that she alleged facts in that charge that would have prompted the EEOC to inquire into a failure to promote her (i.e. she was accused of errors that she did not commit). Therefore, Ms. Lacy states that her administrative remedies were exhausted and her lawsuit is timely because it was filed within 90 days of the June 2016 dismissal.

 Before filing suit in federal court under the ADA, a plaintiff must exhaust available administrative remedies.  <u>Parry v. Mohawk Motors of Mich., Inc.</u>, 236 F.3d 299, 309 (6th Cir. 2000).  This means a plaintiff must file the appropriate discrimination charges with the EEOC.  The purpose of this requirement is "to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enable... the EEOC to initiate conciliation procedures in an attempt to

avoid litigation." Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004). The failure to timely exhaust administrative remedies is an appropriate basis for dismissal. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990). In Weigel v. Baptist Hosp. of East Tennessee, 302 F.3d 367 (6th Cir. 2002), the Sixth Circuit Court of Appeals noted that the general rule in this circuit is that the judicial complaint should be limited to "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." Id. at 380 (internal citation omitted). The Weigel court further explained that, "[p]ursuant to this rule, we have recognized that 'where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" Id. (quoting Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998). This is known as the "expected scope of investigation test." Weigel, 302 F.3d at 380. See also Dixon v. Ashcroft, 392 F.3d 212, 217 (holding that plaintiff exhausted his administrative remedies even though he failed to check the proper box on the EEOC form). For the purposes of determining exhaustion, the scope of charges filed by aggrieved employees is to be "construed liberally." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 362 (6th Cir. 2010).

In this case, the question is whether Ms. Lacy alleged sufficient facts in her 2013 charge to have put ODJFS on notice of its potential liability and enabled the EEOC to "initiate conciliation procedures in an attempt to avoid litigation." Dixon, supra. In the 2013 EEOC charge, Ms. Lacy stated that she is "being forced to work in a hostile work environment" and being harassed due to her "race, color, national origin, ancestry and disability" and generally held to a different standard than other employees on the basis of those identifying factors. She provides

8

several examples to support her charge, such as being cursed at by her supervisor and told that she asked too many questions; being falsely accused of errors that she did not make; being laughed at when she complained about her situation; and being told that her supervisor was "far too important" to be disciplined for her treatment of Ms. Lacy. She also checked the boxes on the EEOC form indicating that the "type of discrimination" was that she was subject to discipline, forced to resign, not provided with reasonable accommodation, and "other."

During the scope of the EEOC investigation of the 2013 charge, which was ongoing until 2016, it is reasonable to conclude that the EEOC would have investigated Ms. Lacy's claims beyond the specific examples provided in her 2013 charge. As the Court of Appeals has held, the key purpose for the exhaustion requirement is to put the alleged wrongdoer on notice of the accusations. Dixon, supra, 392 F.3d at 217. Thus, ODJFS should have been put on notice of the allegations against it giving rise to this lawsuit in the course of the investigation. The charge indicated that Ms. Lacy alleged a failure to accommodate and that she was blamed for errors that she had not committed. Moreover, under the "expected scope of investigation" test, "a plaintiff may fully exhaust her administrative remedies on a claim even if the claim was not actually investigated by the EEOC, or specifically stated in the charge." Scott v. Eastman Chemical Co., 275 Fed.Appx. 466, 471 (6th Cir. 2008), citing Dixon, 392 F.3d at 217. Furthermore, "[p]laintiffs are not to be penalized if the EEOC investigation should have been larger in scope." Id. Following the guidance provided by the Sixth Circuit Court of Appeals, and the information provided in her 2013 EEOC charge, the Court concludes that Ms. Lacy's claims in this lawsuit were reasonably within the expected scope of that investigation and she has exhausted her administrative remedies.

### III. Conclusion

For the foregoing reasons, ODJFS's motion for judgment on the pleadings is granted as to Ms. Lacy's state law claims, and conditionally granted as to the ADA claims. She is granted leave to file an amended complaint within fourteen (14) days of this Order. If she does not, the Court will enter judgment in favor of ODJFS, dismissing all claims for lack of jurisdiction.

/s/ Terence P. Kemp
United States Magistrate Judge